1  **WO**

2

3

4

5

6  **IN THE UNITED STATES DISTRICT COURT**

7  **FOR THE DISTRICT OF ARIZONA**

8

9

10  Richard Eugene Warren,                    No. CV 11-2539-PHX-RCB (MHB)

11          Petitioner,                       **ORDER**

12  vs.

13  Federal Bureau of Prisons, et al.,

14          Respondents.

15

16      On December 22, 2011, Petitioner Richard Eugene Warren, who is confined in the

17  Federal Correctional Institution in Phoenix, Arizona, filed a *pro se* document captioned as

18  a "Complaint for Illegal Discipline for Attempting to Access the Courts & Government

19  Agencies, & for Theft of Personal Property & Private & Public Funds All Pursuant to 28

20  U.S.C. Sec. 2241" (Petition).  Petitioner subsequently paid the $5.00 filing fee.  (Doc. 1, 7.)

21  On January 11, 2011, Petitioner filed an "Amended Complaint for Illegal Discipline for

22  Attempting to Access the Courts & Government Agencies for Theft, & Theft of Private and

23  Public Funds, & For Illegal 'IFRP' Sanctions, All Pursuant to 28 U.S.C. Section 2241"

24  (Amended Petition).  (Doc. 4.)  Petitioner states that he filed the Amended Petition pursuant

25  to an Order issued on December 12, 2011, in another case filed by Petitioner, Warren v.

26  Federal Bureau of Prisons, No. CV11-1774-PHX-RCB.

27      In CV11-1774, Petitioner and another inmate challenged deductions pursuant to the

28

JDDL

1    Inmate Financial Responsibility Program (IFRP) in a § 2241 petition.  The Court dismissed

2    the action without prejudice to each commencing a new separate case, pursuant to § 2241,

3    to challenge IFRP deductions.  CV11-1774, doc. 5, 7.  Further, the Clerk's Office sent each

4    the court-approved form to file a § 2241 petition.  Id., doc. 9.

5    **I.     Amended Petition**

6         In his Amended Petition, Petitioner names Warden Dennis Smith, Captain Benefield,

7    Special Investigative Agent (SIA) Feeney, U.S. Attorney General Holder, and John Does I

8    through XXV as Respondents.  Further, Petitioner purports to incorporate by reference his

9    previous Petition.  However, Petitioner failed to use the court-approved form petition

10   provided to him and, in addition to apparently attempting to challenge the IFRP deductions,

11   Petitioner also asserts he has been denied access to the court, been subject to retaliation, and

12   been subject to wrongful disciplinary proceedings.

13   **II.    Relief Under § 2241**

14        At the outset of a case, a district court must determine whether it has jurisdiction over

15   a petition filed by a federal prisoner under § 2241.  Stephens v. Herrera, 464 F.3d 895, 897

16   (9th Cir. 2006); Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal inmate

17   may seek federal habeas relief under 28 U.S.C. § 2241 to challenge the fact or duration of

18   his confinement or to challenge the execution of a sentence.  Id.  He may also challenge

19   deductions pursuant to the IFRP under § 2241.[1]  See e.g. Watford v. Chavez, 388 Fed. Appx.

20   753 (9th Cir. 2010); West v. Thomas, 388 Fed. Appx. 742 (9th Cir. 2010).

21        In his Amended Petition, Petitioner in part asserts claims for denial of access to the

22   courts, retaliation, and wrongful disciplinary proceedings.  A federal inmate's claims for

23   _____

24        [1] Further, the proper respondent in a § 2241 action is the person who has custody over
     the prisoner, i.e., the custodian of the institution where the federal prisoner is incarcerated.
25   28 U.S.C. § 2242; see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992);
     United States v. Greenfield, No. CV11-0452, 2011 WL 3047706, at *2 (D. Haw. July 22,
26   2011); Davis v. Quintana, No. 10CV1419, 2011 WL 181740, at *1 (S.D. Cal. Jan. 18, 2011).
     Smith v. Idaho, 392 F.3d 350, 354 (9th Cir. 2004) (citing Stanley v. California Supreme
27   Court, 21 F.3d 359, 360 (9th Cir. 1994)).

28

JDDL                                                    - 2 -

violations of constitutional or federal statutory rights against prison officials must be brought in an action pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), rather than in a habeas petition.[2]  <u>Tucker v. Carlson</u>, 925 F.2d 330, 332 (9th Cir. 1991); <u>see</u> <u>Nelson v. Campbell</u>, 541 U.S. 637, 643 (2004) ("constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside [the] core [of habeas relief] and may be brought pursuant to § 1983"); <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . ; requests for relief turning on the circumstances of confinement may be presented in a § 1983 action."); <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973) (a civil rights action is the proper method to challenge conditions of confinement)).

Accordingly, Petitioner may not seek relief in this § 2241 habeas action for denial of access to the courts, retaliation, or wrongful disciplinary proceedings.[3]  Instead, he must file a separate case pursuant to <u>Bivens</u>.  Further, Benefield, Feeney, Holder, and Does I through XXV are improper Respondents and will be dismissed.

**III.    Failure to Comply with the Local Rules**

LR Civ. 3.5 provides that petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2241 "must be signed and legibly written or typewritten *on forms approved by the Court* and *in accordance with the instructions provided* with the forms unless the assigned District Judge . . . , in his or her discretion, finds that the petition . . . is understandable and that it conforms with federal and local requirements for such actions." LRCiv. 3.5(a) (emphasis

---

[2] A <u>Bivens</u> action is identical to an action pursuant to 42 U.S.C. § 1983, except for the replacement of a state actor under § 1983 by a federal actor under <u>Bivens</u>. See <u>Van Strum v. Lawn</u>, 940 F.2d 406, 409 (9th Cir. 1991).

[3] For that reason, Petitioner's attempt to challenge disciplinary proceedings in a document captioned "Petition for Redress of Illegal Discipline . . ." filed on January 11, 2012 will be stricken as improper.  (Doc. 5.)

added).  The assigned District Judge "may strike or dismiss petitions, motions or applications which do not conform substantively or procedurally with federal and local requirements for such actions."  Id.  LRCiv. 15.1 provides that an amended pleading "is *not* to incorporate by reference any part of the preceding pleading, including exhibits."  LRCiv. 15.1 (emphasis added).

In this case, Petitioner failed to use the court-approved form § 2241 petition for either his original Petition or his Amended Petition.  (Doc. 1, 4.)  Further, in his Amended Petition, Petitioner purports to incorporate by reference his earlier Petition, in violation of LRCiv. 15.1.  (Doc. 4.)  The Court will strike the Amended Petition for failure to use the court-approved form § 2241 petition and because Petitioner purports to incorporate his original Petition by reference.  The Court will grant Petitioner 30 days in which to file a "First Amended Petition" using the court-approved form in compliance with the Instructions. Failure to file a "First Amended Petition" using the court-approved form in substantial compliance with the Instructions may result in the dismissal of the amended petition and this action.

**III.    Leave to Amend**

For the foregoing reasons, the Amended Petition will be stricken with leave to file a "First Amended Petition."  Within 30 days, Petitioner may submit a first amended petition to cure the deficiencies outlined above.  The Clerk of Court will mail Petitioner a court-approved form for filing a first amended petition under 28 U.S.C. § 2241 by a federal *pro se* petitioner.

Petitioner must clearly designate on the face of the document that it is the "First Amended Petition."  The first amended petition must be retyped or rewritten in its entirety on the court-approved form and *may not incorporate* any part of any prior petition by reference.  A first amended petition supersedes every prior petition.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat every prior petition as

JDDL

nonexistent.  <u>Ferdik</u>, 963 F.2d at 1262.  Any ground for relief that was raised in a prior petition is waived if it is not raised in a first amended petition.  <u>See</u> <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

**IV.    Warnings**

**A.    Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**B.    Copies**

Petitioner must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.    Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Petitioner's Amended Petition, doc. 4, is **stricken** for failure to comply with LR Civ. 3.5 and 15.1.  Petitioner has **30 days** from the filing date of this Order to file a "First Amended Petition" using the court-approved form § 2241 petition in compliance with this Order.

(2)    If Petitioner fails to file a first amended petition within 30 days, the Clerk of Court must, without further notice, dismiss this action without prejudice.

(3)    Respondents Benefield, Feeney, Holder, and Does I through XXV are **dismissed**.

JDDL

1    (4)    Petitioner's "Petition for Redress," doc. 5 is **stricken** as improper.

2    (5)    The Clerk of Court must mail Petitioner a court-approved form for filing a

3  "Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal

4  Custody."

5    DATED this 30th day of April, 2012.

6

7

8  _____
   Robert C. Broomfield

9   Senior United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JDDL

**Instructions for Filing a Petition Under 28 U.S.C. § 2241**
**for Writ of Habeas Corpus by a Person in Federal Custody**
**in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  If you are detained in Arizona, you may use this form to challenge your detention by federal immigration authorities or to challenge the execution of your federal sentence by the United States Bureau of Prisons.  You are asking for release or earlier release on the grounds that your detention or future detention violates the United States Constitution or other federal law. You should not use this form to challenge a state or federal judgment of conviction or sentence.  If you are challenging a conviction or sentence entered against you by a state court, you should file a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody.  If you are challenging a judgment of conviction or sentence entered by a federal court, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.  Any claim that may be brought or has already been brought in a motion under 28 U.S.C. § 2255 may not be brought using this form unless it appears that the § 2255 motion is inadequate or ineffective to test the legality of your detention. **This form should not be used in death penalty cases.**  If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages.  The form, however, must be completely filled in to the extent applicable.  You do not need to cite law.  If you want to file a brief or arguments, you must attach a separate memorandum.

3.  <u>Your Signature</u>. You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $5.00.  If you are unable to pay the filing fee, you may request permission to proceed *in forma pauperis* by completing and signing the Application to Proceed *In Forma Pauperis* provided with the petition form.  You must have an official at the prison or jail complete the certificate at the bottom of the application form.  If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.  LRCiv 3.5(b).

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your petition and of any other document submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should **file your petition in the division where you are detained**.  <u>See</u> LRCiv 5.1(a).  If you are detained in Maricopa, Pinal, Yuma, La Paz, or Gila County, you should file your petition in the Phoenix Division.  If you are detained in Apache, Navajo, Coconino, Mohave, or Yavapai County, you should file your petition in the Prescott Division.

If you are detained in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, you should file your petition in the Tucson Division.  See LRCiv 5.1(b) and 77.1(a).  **Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed** *in forma pauperis* **to:**

<table>
<tr><td>Phoenix & Prescott Divisions:</td><td>OR</td><td>Tucson Division:</td></tr>
<tr><td>U.S. District Court Clerk</td><td></td><td>U.S. District Court Clerk</td></tr>
<tr><td>U.S. Courthouse, Suite 130</td><td></td><td>U.S. Courthouse, Suite 1500</td></tr>
<tr><td>401 West Washington Street, SPC 10</td><td></td><td>405 West Congress Street</td></tr>
<tr><td>Phoenix, Arizona  85003-2119</td><td></td><td>Tucson, Arizona  85701-5010</td></tr>
</table>

7.  <u>Change of Address</u>.  You must immediately notify the Court and respondents in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  <u>Certificate of Service</u>.  You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed *in forma pauperis*).  Each original document (except the initial petition and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to that it was mailed.  Fed. R. Civ. P. 5(a), (d).  Any document received by the Court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed this _____ (month, day, year) to:
Name:  _____
Address:_____
          Attorney for Respondent(s)

_____
(Signature)

9.  <u>Amended Petition</u>.  If you need to change any of the information in the initial petition, you must file an amended petition.  **The amended petition must be written on the court-approved petition for writ of habeas corpus form.**  You may file one amended petition without leave (permission) of Court before any respondent has answered your original petition.  See Fed. R. Civ. P. 15(a).  After any respondent has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended petition.  LRCiv 15.1.  An amended petition may not incorporate by reference any part of your prior petition.  LRCiv 15.1(a)(2).  **Any grounds not included in the amended petition are considered dismissed**.

10.  <u>Exhibits</u>.  If available, you should attach a copy of all federal court and administrative written decisions regarding the detention you are challenging.  You should **not** submit any other exhibits with the petition.  Instead, the relevant information should be paraphrased in the petition.

2

11.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  <u>Exhaustion</u>.  In order to proceed with this petition in federal court, you ordinarily must exhaust any administrative remedies available to you.  If you did not fairly present each of your grounds to the appropriate administrative agencies, your petition may be dismissed.


**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your petition being stricken or dismissed by the Court.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

_____
Name and Prisoner Number/Alien Registration Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____ ,  )
(Full Name of Petitioner)                 )
                                          )
                        Petitioner,       )   **CASE NO.** _____
                                          )        (To be supplied by the Clerk)
                        vs.               )
                                          )
_____ ,  )   **PETITION UNDER 28 U.S.C. § 2241**
(Name of Warden, Jailor or authorized person )   **FOR A WRIT OF HABEAS CORPUS**
having custody of Petitioner)             )   **BY A PERSON IN FEDERAL CUSTODY**
                                          )
                        Respondent.       )
_____   )

## PETITION

1.  What are you challenging in this petition?
    ☐   Immigration detention
    ☐   Bureau of Prisons sentence calculation or loss of good-time credits
    ☐   Probation, parole or supervised release
    ☐   Other (explain): _____
    _____

2.  (a)  Name and location of the agency or court that made the decision you are challenging: _____
    _____

    (b)  Case or opinion number: _____

    (c)  Decision made by the agency or court: _____
    _____
    _____

Revised 3/9/07                              1                              **530**

(d)  Date of the decision: _____

3.    Did you appeal the decision to a higher agency or court?      Yes ☐      No ☐

If yes, answer the following:

(a)  First appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(b)  Second appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

    (3)  Opinion or case number: _____

    (4)  Result: _____

    (5)  Date of result: _____

    (6)  Issues raised: _____

    _____

    _____

    _____

    **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(c)  Third appeal:

    (1)  Name of the agency or court: _____

    (2)  Date you filed: _____

(3)  Opinion or case number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

4.   If you did not appeal the decision to a higher agency or court, explain why you did not: _____

_____

_____

_____

_____

5.   Other than the appeals listed above, have you filed any other petitions, applications or motions concerning the issues raised in this petition?          Yes ☐          No ☐

If yes, answer the following:

(a)  Name of the agency or court: _____

(b)  Date you filed: _____

(c)  Opinion or case number: _____

(d)  Result: _____

(e)  Date of result: _____

(f)  Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

6.   For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**CAUTION:**  <u>To proceed in the federal court, you must ordinarily first exhaust (use up) your available administrative remedies on each ground on which you request action by the federal court.</u>

**GROUND ONE**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground One?        Yes ☐        No ☐

(c)  If yes, did you present the issue to:
   ☐ The Board of Immigration Appeals
   ☐ The Office of General Counsel
   ☐ The Parole Commission
   ☐ Other: _____

(d)  If you did not exhaust all available administrative remedies relating to Ground One, explain why:

_____

_____

_____

_____

_____

_____

_____

4

**GROUND TWO**: _____

_____

_____

_____

_____

_____

(a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  Did you exhaust all available administrative remedies relating to Ground Two?      Yes ☐     No ☐

(c)  If yes, did you present the issue to:
            ☐  The Board of Immigration Appeals
            ☐  The Office of General Counsel
            ☐  The Parole Commission
            ☐  Other:  _____

(d)  If you did not exhaust all available administrative remedies relating to Ground Two, explain why:

_____

_____

_____

_____

_____

_____

_____

5

**GROUND THREE**: _____

_____
_____
_____
_____
_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Three?    Yes ☐    No ☐

    (c)  If yes, did you present the issue to:
          ☐ The Board of Immigration Appeals
          ☐ The Office of General Counsel
          ☐ The Parole Commission
          ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Three, explain why:

_____
_____
_____
_____
_____
_____
_____
_____

**GROUND FOUR**: _____

_____

_____

_____

_____

_____

    (a)  Supporting FACTS (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

    (b)  Did you exhaust all available administrative remedies relating to Ground Four?    Yes ☐    No ☐

    (c)  If yes, did you present the issue to:
        ☐ The Board of Immigration Appeals
        ☐ The Office of General Counsel
        ☐ The Parole Commission
        ☐ Other: _____

    (d)  If you did not exhaust all available administrative remedies relating to Ground Four, explain why:

_____

_____

_____

_____

_____

_____

_____

7

**Please answer these additional questions about this petition:**

7.   Are you challenging your conviction or sentence in any of the grounds raised above?  Yes ☐        No ☐
(Claims challenging a federal conviction or sentence may only be raised in a motion under 28 U.S.C. § 2255, unless the § 2255 motion is legally inadequate or ineffective.)

      If yes, answer the following:

      (a)   Have you filed a motion under 28 U.S.C. § 2255?        Yes ☐        No ☐

           If yes, answer the following:

           (1)  Name of court: _____

           (2)  Case number: _____

           (3)  Opinion or case number: _____

           (4)  Result: _____

           (5)  Date of result: _____

           (6)  Issues raised: _____

                _____

                _____

           **Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

      (b)   Explain why the remedy under § 2255 is inadequate or ineffective: _____

_____

_____

_____

8.   If this case concerns immigration removal proceedings, answer the following:

      (a)   Date you were taken into immigration custody: _____

      (b)   Date of removal or reinstatement order: _____

      (c)   Did you file an appeal with the Board of Immigration Appeals?        Yes ☐        No ☐

           (1)  Date you filed: _____

           (2)  Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

(d)   Did you file an appeal with the federal court of appeals?        Yes ☐        No  ☐

(1) Name of the court: _____

(2) Date you filed: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision.**

9.    Petitioner asks that the Court grant the following relief: _____

_____

_____

_____

or any other relief to which Petitioner may be entitled.  (Money damages are not available in habeas corpus cases.)


        I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____(month, day, year).

_____

**Signature of Petitioner**


_____            _____

Signature of attorney, if any                          Date